1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11

DON DOUGLAS BARKER,                        1: 07 CV 00024 AWI WMW HC

12

Petitioner,

13

MEMORANDUM OPINION AND ORDER RE
RESPONDENT'S MOTION TO DISMISS

14          v.

[Doc. 9]

15

K. MENDOZA-POWERS,

16

Respondent.

17  _____/

18

19

20

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

21

pursuant to 28 U.S.C. § 2254.  Pending before the court is Respondent's motion to dismiss.

22

### BACKGROUND

23

Petitioner is serving an indeterminate life sentence for murder.  In his petition, Petitioner

24

challenges the decision of the Board of Parole Hearings ("the Board") finding him unsuitable for

25

parole in 2002.   On February 1, 2005, Petitioner signed a Waiver of Hearing and Stipulation of

26

Unsuitability as a result of being found guilty of mutual combat in formal disciplinary proceedings.

27

In this waiver, Petitioner stipulated that he was unsuitable for parole for a period of one year.

28

**LEGAL STANDARDS**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Avenal State Prison,  which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), cert. denied, 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), cert. denied, 520 U.S. 1107, 117 S.Ct. 1114 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28

1   U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

2   Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

3   S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

4   concludes in its independent judgment that the relevant state-court decision applied clearly

5   established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,

6   that application must be objectively unreasonable."  Id. (citations omitted).

7        While habeas corpus relief is an important instrument to assure that individuals are

8   constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

9   Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

10  conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

11  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

12  determinations must be presumed correct, and the federal court must accept all factual findings made

13  by the state court unless the petitioner can rebut "the presumption of correctness by clear and

14  convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

15  (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

16  1388 (9th Cir. 1997).

17                              **DISCUSSION**

18       Respondent moves to dismiss this petition on the ground that it is moot.  Petitioner has not

19  opposed or otherwise responded to the motion.

20       The case or controversy requirement of Article III of the United States  Constitution deprives

21  the court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70

22  104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352

23  (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties

24  lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct.

25  1181, 1183 (1984).  The Federal Court is "without power to decide questions that cannot affect the

26  rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406

27  (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461,

28  463-464 (1937).  To satisfy the Article III case or controversy requirement, a litigant "must have

1   suffered some actual injury that can be redressed by a favorable judicial decision." <u>Iron Arrow</u>, 464

2   U.S. at 70, 104 S.Ct. at 375; <u>Simon v. Eastern Ky. Welfare Rights Org.</u>, 426 U.S. 26, 38, 96 S.Ct.

3   1617, 1924 (1976); <u>NAACP, Western Region</u>, 743 F.2d at 1353.

4           In his motion, Respondent contends that this petition is moot.  Specifically, Respondent

5   argues that because Petitioner stipulated in 2005 that he was not suitable for parole, the issue of

6   whether he should have been found suitable for parole in 2002 is no longer live and presents no case

7   or controversy.  Respondent stresses that the most favorable outcome Petitioner could have hoped

8   for in connection with the present petition was an order directing the Board to hold a new hearing

9   reconsidering his parole eligibility.  Respondent concludes that such an order would be meaningless

10  in light of Petitioner's admission that he was suitable for parole in light of his serious disciplinary

11  offense.

12          The court must agree with Respondent that due to Petitioner's subsequent stipulation as to his

13  unsuitability for parole, any questions concerning his previous suitability in 2002 are now moot.

14  Accordingly, this court lacks jurisdiction to consider the merits of the case.

15

16          In light of the above, IT IS HEREBY ORDERED as follows:

17  1)      Respondent's motion to dismiss is GRANTED;

18  2)      This petition for writ of habeas corpus is DISMISSED for lack of jurisdiction; and

19  3)      The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

20

21  IT IS SO ORDERED.

22  **Dated:    March 7, 2008    **                        _____/s/ Anthony W. Ishii_____
                                            UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28